**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LUIS HUMBERTO MENDEZ,

    Plaintiff,

v.                                                      No. CV 11-0585 RB/RHS

MR. ERIC HOLDER, ATTORNEY GENERAL
OF THE UNITED STATES, ET AL.,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Plaintiff's ("Petitioner") Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 (the "petition"). Petitioner, who is not an American citizen, is confined in a New Mexico prison, serving a sentence imposed by the United States District Court for the Southern District of New York. He alleges that his sentence was imposed without consideration of his status as a deportable alien. Furthermore, because of his status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs. Petitioner contends that the sentence and BOP's policy have subjected him to a longer prison term than an American citizen would serve. He seeks reduction of his term of imprisonment and, if the petition be granted, certain other relief.

    It is assumed for purposes of this order that the relief Petitioner seeks, if available, may be pursued in a petition under § 2241. *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization); *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("We have explained that '[a] district court is authorized to

modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.' ") (modifications and emphasis in opinion) (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)).  Here, even if § 2241 provides Petitioner an appropriate procedural avenue, the Court of Appeals for the Tenth Circuit has rejected his substantive claims, as to both imposition and execution of a sentence.

> [Petitioner's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
> . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 814, 816 (10th Cir. 2006) (internal citations omitted). Under the Tenth Circuit's decision in *Tamayo*, Petitioner's allegations do not state claims for relief against his sentence, and under 28 U.S.C. § 2254 R. 1(b), 4, the Court will dismiss the petition.

    IT IS THEREFORE ORDERED that Petitioner's Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 is DISMISSED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE